**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| Matthew Alan Eagleman,                )<br>                                       )<br>         Plaintiff,                   )<br>                                       )<br>    vs.                                )<br>                                       )<br>Steve Larson, Human Relations          )<br>Counselor, Bob Coad, Deputy Warden;    )<br>Steve Heit, Case Manager; Timothy      )<br>Schuetzle, Warden; and Elaine Little,  )<br>DOCR Director; in their individual and )<br>official capacities,                   )<br>                                       )<br>         Defendants.                  )  | **ORDER FOR DISCLOSURE OF<br>CONFIDENTIAL RECORDS**<br><br><br>Case No. 1:05-cv-037 |

On December 30, 2005, the defendants filed a Motion for Order for Disclosure of Confidential Records. The basis for this motion is to permit the disclosure of a limited number of plaintiff's confidential treatment records from the North Dakota State Penitentiary Treatment Department which may not be made public or provided to the inmate without a court order pursuant to N.D.C.C. § 12-47-36(2). The criteria for disclosure of confidential records is that the party requesting the disclosure of the records show there is a "proper and legitimate purpose" for such disclosure.

The defendants have identified a need for the disclosure of these records to be able to respond to the allegations in the Complaint by plaintiff concerning unfair treatment in the sex offender treatment program resulting in his termination from the program. Plaintiff alleges that he was being forced, in the sex offender treatment program, to provide testimony against himself in violation of his Fifth Amendment right against self-incrimination. Defendants assert that these

1

records are necessary to counter the plaintiff's claims. Further, the defendants claim these records are necessary to show that plaintiff was being dishonest in the sex offender group sessions and that the basis for his termination from the program was appropriate and necessary, contrary to plaintiff's claims.

The court concludes that the defendants have provided a proper and legitimate purpose for disclosure of plaintiff's records from the sex offender treatment program at NDSP. Accordingly, the court **GRANTS** the defendant's Motion for Disclosure of Confidential Records.

**IT IS SO ORDERED.**

Dated this 30th day of December, 2005.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge