**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Matthew Alan Eagleman, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER RE MOTION FOR** |
| | ) | **RECONSIDERATION TO APPOINT** |
| vs. | ) | **COUNSEL** |
| | ) | |
| Steve Larson, Human Relations Counselor, Bob Coad, Deputy Warden; Steve Heit, Case Manager; Timothy Schuetzle, Warden; and Elaine Little, DOCR Director; in their individual and official capacities, | ) ) ) ) ) ) ) | Case No. 1:05-cv-037 |
| | ) | |
| Defendants. | ) | |

Before the court is the plaintiff's second Motion for Reconsideration to Appoint Counsel, which was filed on January 10, 2006. The plaintiff previously filed a Motion to Appoint Counsel on June 6, 2005, and a Motion for Reconsideration to Appoint Counsel on June 23, 2005. (Docket Nos. 12, 17). The court denied both motions. (Docket Nos. 15, 18).

The plaintiff filed the current motion claiming he will not be able to submit a meaningful response to the defendants' Motion for Summary Judgment because of the lengthy and complex brief and the voluminous set of exhibits. He claims he lacks the education and the resources at the prison to properly address the motion.

A review of the legal standard is necessary to address the plaintiff's motion.

**II.   LEGAL DISCUSSION**

As discussed in the court's first order denying appointment of counsel, indigent civil litigants do not have a constitutional or statutory right to appointed counsel. Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996) (citing Swope v. Cameron, 73 F.3d 850, 851-52 (8th Cir. 1996)). A court may make such an appointment at its discretion, however. See Rayes v. Johnson, 969 F.2d 700, 703 (8th Cir.

1992); see also Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996) (stating that trial courts have broad discretion in deciding whether both the plaintiff and the court would benefit from the appointment of counsel); Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) ("[T]he appointment of counsel should be given serious consideration by the district court if the plaintiff has not alleged a frivolous or malicious claim."). "In determining whether an indigent litigant is in need of appointed counsel, a number of factors are relevant including: the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." Abdullah v. Gunter, 949 F.2d 1032, 1035. In addition, the court should satisfy itself that the plaintiff has in good faith attempted to retain counsel and has been unsuccessful. Id.

The court has reviewed the record and, in its discretion, finds that the appointment of counsel is not warranted. As the court noted before, the legal issues involved in this case are somewhat complex. These issues, however, are not novel and do not require an extensions of current laws. The plaintiff has access to the law library, albeit limited. Further, the plaintiff has been able to articulate the facts that are the basis of his complaint.

### III.   CONCLUSION

Plaintiff has not provided the court with any compelling reason to appoint counsel at this stage of the proceeding. After reviewing the factors identified by the Eighth Circuit Court of Appeals, the court finds that appointment of counsel at this stage is not necessary. Accordingly plaintiff's Motion to Appoint Counsel (Docket No. 38) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated this 12th day of January, 2006.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge