**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Matthew Alan Eagleman, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER RE MOTION TO COMPEL** |
| | ) | |
| vs. | ) | |
| | ) | |
| Steve Larson, et. al., | ) | Case No. 1:05-cv-037 |
| | ) | |
| Defendants. | ) | |

Before the court is plaintiff's Motion to Compel the production of material relating to his medical psychological and treatment records.

## I. BACKGROUND

On January 24, 2005, the plaintiff, Matthew Eagleman, commenced the above entitled 42 U.S.C. § 1983 action. He is a prisoner at the North Dakota State Penitentiary. After screening the plaintiff's *pro se* complaint under 28 U.S.C. § 1915A, the court identified five possible constitutional claims. They are:

1. Retaliation following plaintiff's invocation of his Fifth Amendment right against self incrimination.

2. Retaliation for bringing this action and for having filed prior grievances, administrative appeals, and reports of alleged misconduct.

3. Denial of due process in connection with the disciplinary hearing before the penitentiary's adjustment committee.

4. Denial of right to free exercise of religious beliefs.

5. Denial of access to the prison law library.

(Docket No. 4).

In the plaintiff's first claim, he argues that, while participating in a sex offender treatment program, he refused to provide his group counselor, defendant Steve Larson, with information relating to his juvenile history. He claims that he did not need to divulge this information because he asserted his right against self incrimination under the Fifth and Fourteenth Amendments. The plaintiff alleges that, as a result, he was expelled from the penitentiary's sexual offender treatment program, threatened with civil commitment, stripped of certain institutional privileges, and suffered other acts of retaliation.

On January 3, 2006, the defendants filed a Motion for Summary Judgment arguing that, as to claim number one, the plaintiff's constitutional rights were not violated when he was terminated from sex offender treatment. The defendants stated that the plaintiff had been convicted of a sex offense and was court-ordered to participate in sex offender treatment while in prison. According to the defendants, during the Intensive Sex Offender Treatment Program ("ISO"), inmates are required to discuss their offending behavior during group sessions.

According to the defendants, because of some inconsistencies in the plaintiff's statements during the ISO sessions, Larson reviewed the plaintiff's juvenile records, which allegedly showed the plaintiff was not telling the truth during the ISO session. The defendants assert in their Motion for Summary Judgment that the plaintiff had lied about his juvenile offenses and minimized the behavior for which he had been convicted. Larson allegedly told the plaintiff to be honest about his juvenile convictions and that if he continued to lie about his offenses in the group sessions his participation in the program would be terminated.

The plaintiff asserted that he did not have to discuss his juvenile record during the ISO sessions and asserted his Fifth Amendment rights against self incrimination. Because the plaintiff

2

refused to talk about his juvenile record, he was terminated from the treatment program and not allowed to earn any additional good time credit.

On March 31, 2006, the plaintiff filed a Motion to Compel under N.D.C.C. § 12-47-36(2), seeking the "'medical psychological and treatment records of the Department of Corrections and Rehabilitation.'" He requested all documents concerning Larson's evaluation and diagnoses of the plaintiff, all copies that "Larson and or Treatment Department submitted to the Attorney General for Plaintiff's MnSost, MMPI evaluation, Sorac." He also requested a "Program structure" for the sex offender treatment program that he claims includes a flow chart, benchmarks, and a completion versus failure document. He also wants "all psychological records and or any psychologists that have knowledge of said material (notes, charts, medication, diagnosis, etc.)."

The defendants note that the plaintiff's request for a SORAC is unclear because that acronym stands for the Sex Offender Risk Assessment Committee and is not an evaluation or document. The defendants do not oppose the release of the plaintiff's sex offender treatment records pertaining to his treatment and termination from treatment. They also do not oppose the release of any "flow chart" pertaining to his sex offender treatment progress. They claim all of these records should be released because they are directly related to the issue of whether the plaintiff complied with the court-ordered treatment and whether he was properly terminated from the ISO program.

The defendants, however, do oppose the plaintiff's request for his MnSOST, MMPI evaluation, and any documents that might have been submitted to SORAC. The defendants claim these documents define the level of the plaintiff's sex offender risk and psychological behavior that contribute to his sex offending and are irrelevant to the issues in the complaint which go to whether

the plaintiff complied with court-ordered treatment and whether he was property terminated from the sex offender treatment program.

## II.   DISCUSSION

The plaintiff argues in his Motion to Compel that he needs these records to defend against the summary judgment motion because he says there are "some discrepancies with the Treatment Department and Psychiatrists, which is creating great controversy through this legal suit." He claims the court can release these records under N.D.C.C. 12-47-36(2), which states

> The medical, psychological, and treatment records of the department of corrections and rehabilitation or its divisions or departments relating to persons in the custody or under the supervision and management of the division of adult services of the department of corrections and rehabilitation *are confidential, and may not be disclosed directly or indirectly to any person, organization, or agency*, except as otherwise provided in this section. *A district court may order the inspection of medical, psychological, and treatment records, or parts of those records, upon application to the court and a showing that there is a proper and legitimate purpose for the inspection of the records*, with service of the application on the department of corrections and rehabilitation and opportunity for the department of corrections and rehabilitation to submit a written response.

N.D.C.C. § 12-47-36(2) (emphasis added). The defendants argue that the plaintiff's request for "all psychological records" are protected under N.D.C.C. § 12-47-36, and that the plaintiff has not made the "requisite 'showing that there is a proper and legitimate purpose for the inspection of the records.'"

In the plaintiff's motion to compel, he states his motion is pursuant to Rule 27(a) of the North Dakota Rules of Federal Procedure. The court assumes the plaintiff meant Rule 26 and not Rule 27. Rule 26(b) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature,

> custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

Fed. R. Civ.P. 26(b)(1). For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Id. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. Discovery methods otherwise permitted may be limited by the court if

> it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2).

The disputed material is, according to the defendants, related to the determination of the level of the plaintiff's sex offender risk and his psychological evaluations. The plaintiff did not, either in his motion or reply, dispute the defendants' assertion that these documents relate to his sex offender registration status. The defendants claim the MnSOST, MMPI evaluation, and documents submitted to SORAC are irrelevant to the issue in this case, which is whether the plaintiff complied with court-ordered treatment and whether he was properly terminated from the sex offender treatment program. The defendants argue those documents would be relevant to challenging the plaintiff's risk assessment for registration purposes or for post-conviction relief, not the issues in this case. This court agrees.

North Dakota statute makes these records confidential and thus are considered privileged material under Rule 26 of the Federal Rules of Civil Procedure. The plaintiff has

not shown that there is a proper and legitimate purpose for the inspection of these records other than just stating they are of dire importance to his response to the defendants' Motion for Summary Judgment. The court concludes the MnSOST, MMPI evaluation, and documents submitted to SORAC are not relevant to the claim or defense in question in this case. The plaintiff was terminated from the ISO program for not complying with Larson's requests during the group meetings, which ultimately resulted in this litigation. Thus, his records relating to his treatment and sentencing would be relevant, but the evaluations used to define the plaintiff's sex offender registration level are not relevant to the issue of whether the plaintiff was denied his constitutional right against self incrimination under the Fifth Amendment.

There are also procedural issues as to the sufficiency of the plaintiff's requests. The defendants claim the plaintiff never requested from them the MnSOST, MMPI evaluation, and documents submitted to SORAC. In addition, the plaintiff mentioned in his reply that he just served the application for the release of these materials with the department of corrections and rehabilitation in accordance with statute. This court, however, does not need to address these issues because it finds that the privileged documents requested by the plaintiff are not relevant to the controversy at hand.

## III. CONCLUSION

The plaintiff's Motion to Compel (Docket No. 50) is **GRANTED** in part. The defendants shall provide the plaintiff with his sex offender treatment records pertaining to his treatment and termination from treatment along with any "flow charts" that pertain to his treatment progress. The defendants do not, however, have to release the plaintiff's

MnSOST, MMPI evaluation, documents submitted to SORAC, or psychological records pertaining to his conviction and sex offender registration level.

**IT IS SO ORDERED.**

Dated this 24th day of April, 2006.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge